IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRETT P. RYAN,                              Case No. 6:10-cv-06145-AA
                                                OPINION AND ORDER
           Plaintiff,

      v.

CITY OF BEND, SANDI
BAXTER, JIM PORTER, GARY
MACK, DANIEL RITCHIE,
and PAUL KANSKY,

           Defendants.
_____

Larry L. Linder
John D. Burgess
The Law Office of Larry L. Linder, LLC
2245 Commercial Street N.E.
Salem, Oregon 97303
      Attorneys for plaintiff

Robert E. Franz, Jr.
Elizabeth S. Moseley
Law Office of Robert E. Franz, Jr.
P.O. Box 62
Springfield, Oregon 97477
      Attorneys for defendants

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Brett Ryan moves for partial summary judgment, pursuant to Fed. R. Civ. P. 56, on his whistleblower claim brought under Or. Rev. Stat. § 659A.218. Defendants the City of Bend, Sandi Baxter, Paul Kansky, Gary Mack, Jim Porter, and Daniel Ritchie filed a cross-motion for partial summary judgment on this claim; plaintiff filed a motion to strike defendants' cross-motion as untimely. For the reasons set forth below, plaintiff's motions are denied and defendants' motion is granted.

## BACKGROUND

In August 2005, plaintiff began working as a police officer for the City of Bend Police Department. On June 5, 2008, plaintiff sent an email containing multiple allegations of misconduct against his direct supervisor, Lieutenant Gary Mack ("Mack"), to Captain Jim Porter ("Porter"). Specifically, plaintiff alleged that Mack created a hostile work environment by preventing officers from making a mandatory arrest, not allowing plaintiff union representation at a disciplinary session, and making racist and sexual comments. Plaintiff was concerned about negative repercussions resulting from Mack learning of his allegations and therefore requested the email remain confidential.

Following receipt of the email, Porter met with Police Chief Sandi Baxter ("Baxter") and informed her of the contents of plaintiff's email. Baxter assigned Captain Cory Darling ("Darling") to conduct an internal investigation (the "Investigation") into plaintiff's allegations.

Page 2 - OPINION AND ORDER

On June 10, 2008, Porter contacted plaintiff and informed him his allegations would be investigated.   Porter also notified plaintiff that his email was considered part of the public record. Porter subsequently informed Mack that plaintiff was responsible for the allegations against him.

The following day, on June 11, 2008, Darling spoke with Mack about plaintiff's allegations, at times making specific reference to plaintiff without identifying him by name.   After this discussion, Darling completed the Investigation and concluded that plaintiff's allegations against Mack were either not sustained or unfounded.   On August 22, 2008, plaintiff was terminated.

On February 9, 2009, plaintiff sent an Oregon Tort Claims Act ("OTCA") notice to defendants.   On April 22, 2010, plaintiff filed a complaint against defendants in Oregon state court, alleging: (1) hostile work environment, discrimination, and retaliation claims under Title VII; (2) discrimination, retaliation, and hostile work environment in violation of Or. Rev. Stat. § 659A.030; (3) violations of Oregon's whistleblower laws, Or. Rev. Stat. §§ 659A.203, 659A.218, 659A.230; (4) intentional infliction of emotional distress; (5) deprivation of his First and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983; (6) discrimination based on race/national origin in violation of 42 U.S.C. § 1981; (7) conspiracy to prevent an officer from performing duties in violation of 42 U.S.C. § 1985; and (8) failure to prevent a conspiracy in violation of 42 U.S.C. § 1986.   Defendants removed the action to this Court based on federal question jurisdiction in

conformity with 28 U.S.C. § 1331.

## STANDARD

Summary judgment is appropriate if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file, if any, "show that there is no genuine dispute as to any material fact and that the [moving party] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

## DISCUSSION

Page 4 - OPINION AND ORDER

Plaintiff asserts that he is entitled to summary judgment because defendants disclosed his identity during the Investigation in violation of Or. Rev. Stat. § 659A.218.[1]  Specifically, plaintiff contends that this statute prohibited Porter and Darling from revealing his identity within the City of Bend Police Department, and by extension to Mack, without his written consent during the Investigation.  Conversely, defendants argue that plaintiff's OTCA notice was untimely, such that plaintiff's claim pursuant to Or. Rev. Stat. § 659A.218 is time-barred.

I.  Preliminary Issues

Two preliminary matters must be addressed before reaching the substantive merits of the parties' cross-motions for summary judgment.  First, plaintiff filed an evidentiary objection to Porter's declaration, defendants' Exhibits 108-109, and defendants' "corrected" response/cross-motion for partial summary judgment.  See Pl.'s Reply to Mot. Partial Summ. J. at 2, 4; see also LR 56-1(b).  Second, plaintiff moves to strike defendants' cross-motion for partial summary judgment as untimely.

---

[1] This statute makes it an "unlawful employment practice" for a public employer to disclose "the identity of the employee," without prior written consent, "during any investigation of the information provided by the employee, relating to [m]atters described in ORS 659A.203."  Or. Rev. Stat. § 659A.218.  Under Or. Rev. Stat. § 659A.203, it is unlawful for a public employer to "[p]rohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of [a] violation of any federal or state law, rule or regulation by the state, agency or political subdivision [or] [m]ismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the state, agency or political subdivision."  Or. Rev. Stat. § 659A.203(1)(b).

A.  Evidentiary Objections

Initially, plaintiff failed to specify whether he had conferred with defendants regarding his evidentiary objections. See generally Pl.'s Reply to Mot. Partial Summ. J; see also LR 56-1(b) (a party may "assert evidentiary objections in its response or reply memorandum," but those objections "are subject to the certification requirement of LR 7-1(a)"); LR 7-1(a) (the court may "deny any motion that fails" to certify that the moving party conferred with opposing counsel in "a good faith effort . . . to resolve the dispute, and [are] unable to do so"). Further, defendants represent that "plaintiff never conferred . . . regarding these [evidentiary objections]." Defs.' Surreply to Mot. Partial Summ. J. at 2. Accordingly, because he failed to act in accordance with the requirements of LR 56-1 and LR 7-1, plaintiff's evidentiary objections are denied. Even assuming, however, that plaintiff satisfied these requirements, his evidentiary objections are nonetheless denied for the reasons discussed below.

i.  Porter Declaration

Plaintiff objects to defendants' reliance on Porter's declaration; while not explicit, plaintiff apparently seeks to strike this evidence under the sham affidavit doctrine. See Pl.'s Reply to Mot. Partial Summ. J. 4 (Porter's declaration is "self-serving" and "contradicts his prior testimony"). "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991).

The sham affidavit doctrine prevents a party who has been deposed from raising an issue of fact simply by submitting an affidavit contradicting his own prior testimony, which would "greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." Id. (citations and internal quotations omitted).

In order to trigger this rule, the district court must make a factual determination that the contradiction is a sham and "the inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit." Van Asdale v. Int'l Game Tech., 577 F.3d 989, 998-99 (9th Cir. 2009) (citation omitted).

On February 15, 2012, Porter was deposed and testified that he informed plaintiff that it would not be possible to keep the email allegations confidential as the email was a matter of public record. First Linder Decl. Ex. 4, at 3-4.[2] In his May 26, 2013 declaration, Porter stated that

> I explained to Ryan that the seriousness of the allegations he had made constituted a violation of Department policy and philosophy, and that it would be necessary to inform Mack of the allegations against him made by Ryan. I also explained that all email documents on the City of Bend email system were public record and there always existed the potential of anyone seeing a copy of the email, but that in the investigation, his name would only be disclosed to the people that needed to know Ryan's allegation and that would include disclosing

---

[2] Plaintiff reproduced an abbreviated version of Porter's deposition testimony that only focuses on whether plaintiff authorized disclosure of his allegations to Mack. See First Linder Decl. Ex. 4, at 3-4. As such, unlike Porter's declaration, Porter's abridged deposition testimony does not address the full contents of their June 8, 2011 conversation.

his name to Lt. Mack so that Lt. Mack could respond to
the allegations.    Although Ryan was still somewhat
apprehensive about the initiation of an internal
investigation, Ryan agreed that the issues needed to be
addressed.    I then explained to Ryan how the
investigation would be conducted, including an interview
of Lt. Mack.    After my explanation, Ryan stated he
understood, that he had no further questions, and that he
was 'good with the process.'

Porter Decl. at 3.

Plaintiff argues that Porter's declaration contradicts his
prior testimony because plaintiff would not have stated he was
"good with the process" if he was told the email was not
confidential.    See Pl.'s Reply to Mot. Partial Summ. J. at 4.
During his deposition, however, Porter explicitly testified that he
told plaintiff that the email could not remain confidential because
it was a matter of public record.    See First Linder Decl. Ex. 4, at
3-4; see also Franz Decl. Ex. 106, at 2 (plaintiff reporting that
Porter informed him that an Investigation would be commenced and
that plaintiff's email allegations were part of the public record).
Further, although Porter's declaration states that, while plaintiff
was "good with the process," he was also "somewhat apprehensive
about the initiation of an internal investigation."    Porter Decl.
at 3.    Porter's declaration makes clear that this apprehension
arose from his statement that the email allegations could not
remain confidential given their seriousness and the fact that they
were shared via a publicly-available email system.    Id.    In any
event, Porter's later statements in his declaration do not conflict
with his earlier deposition testimony.    Compare First Linder Decl.
Ex. 4, at 3-4, with Porter Decl. at 3.    Therefore, no clear and

Page 8 - OPINION AND ORDER

unambiguous contradiction or inconsistency exists such that the sham affidavit rule is inapplicable in the case at bar.

### ii. Defendants' Exhibits 108-109

Regarding Exhibits 108-109, because I did not rely on this evidence in deciding the parties' summary judgment motions, plaintiff's evidentiary objection is moot. Perez-Denison v. Kaiser Found. Health Plan of the N.W., 868 F.Supp.2d 1065, 1088-89 (D.Or. 2012).

### iii. Defendants' Corrected Response/Partial Cross-Motion

Finally, plaintiff argues that defendants' corrected response brief/cross-motion for partial summary judgment should be stricken due to untimeliness. This brief, which was filed one week after defendants' initial response, raised substantively the same arguments. Compare Defs.' Resp. & Cross-Mot. Partial Summ J., with Defs.' Corr. Resp. & Cross-Mot. Partial Summ J. Further, plaintiff replied to defendants' corrected motion. See generally Pl.'s Reply to Mot. Partial Summ. J. As such, I find no prejudice and deny plaintiff's evidentiary objections.

### B. Motion to Strike Defendants' Cross-Motion

It is undisputed that defendants' cross-motion for partial summary judgment was filed after April 22, 2013, the preliminary deadline for dispositive motions. It is also undisputed that, pursuant to defendants' motion, this Court extended the deadline for dispositive motions until July 22, 2013. Further, it is undisputed that plaintiff responded to defendants' cross-motion, such that neither he nor these proceedings were prejudiced by any

alleged untimeliness or otherwise negatively affected.  Therefore, plaintiff's motion to strike defendants' cross-motion for partial summary judgment is denied.

## II.  Notice Under the OTCA

It is undisputed that plaintiff's state whistleblower claims are subject to the notice provisions of the OTCA.  See Rabkin v. Or. Health Sciences Univ., 350 F.3d 967, 976-77 (9th Cir. 2003); see also Or. Rev. Stat. § 30.275.  The OTCA provides that notice of a claim must be given to a public body "within 180 days after the alleged loss or injury."  Or. Rev. Stat. § 30.275(2)(b).  Such notice can be either formal or actual.  See Or. Rev. Stat. §§ 30.275(3), (4).  The requirement that timely notice be given is a condition precedent to recovery under the OTCA.  In other words, if this requirement is not satisfied, plaintiff is deprived of the right to assert a claim.  Tyree v. Tyree, 116 Or.App. 317, 320, 840 P.2d 1378 (1992), rev. denied, 315 Or. 644, 849 P.2d 525 (1993).

Oregon applies the discovery rule when determining timeliness of notice under the OTCA.  Adams v. Or. State Police, 289 Or. 233, 235, 611 P.2d 1153 (1980).  Under the discovery rule, the notice period begins to run when "the plaintiff knows or, in the exercise of reasonable care should know, facts that would make an objectively reasonable person aware of a substantial possibility that . . . an injury occurred, the injury harmed one or more of the plaintiff's legally protected interests, and the defendant is the responsible party."  Edwards v. State ex rel. Dep't of Human Res. Children Adult & Families Div., 217 Or.App. 188, 197, 175 P.3d 490

Page 10 - OPINION AND ORDER

(2007) (internal quotations and citations omitted). Summary judgment is inappropriate when a material issue of fact exists regarding whether notice under the OTCA was timely. See Johnson v. Multnomah Cnty. Dep't of Cmty. Justice, 210 Or.App. 591, 600, 152 P.3d 927 (2007); Stephens v. Bohlman, 314 Or. 344, 351-52, 838 P.2d 600 (1992).

Here, plaintiff provided notice of this Or. Rev. Stat. § 659A.218[3] claim on February 9, 2009. See Ryan Decl. ¶ 6; Franz Decl. Ex. 107. Thus, in order for plaintiff's OTCA notice to be timely, he must have discovered that his identity was disclosed during the Investigation on or after August 13, 2008. Plaintiff argues that, although he might have "suspected Mack knew he was the complainant," he did not receive affirmative confirmation that his name was disclosed until April 1, 2010, when he received the State of Oregon Bureau of Labor and Industries ("BOLI") file regarding his complaint. Pl.'s Reply to Mot. Partial Summ. J. at 3; see also Ryan Decl. ¶¶ 4, 6. As such, plaintiff contends that notice was timely because he discovered that defendants caused his injury well after August 13, 2008 and, further, because he commenced this lawsuit within 180 days of that discovery. See Pl.'s Reply to Mot. Partial Summ. J. at 3.

Plaintiff's argument misconstrues the standard for the discovery rule. The discovery rule does not require actual, affirmative notice of the injury or the responsible party. As

---

[3] For the purposes of analyzing whether plaintiff's OTCA notice was timely, the Court assumes, without deciding, that Or. Rev. Stat § 659A.218 is applicable in the case at bar.

stated above, the time for notice under the OTCA begins to toll
when the plaintiff knows facts that would make an objectively
reasonable person aware of a substantial possibility that the
injury was caused by the defendant.  The evidence before the Court
reveals plaintiff was aware that one or more defendants disclosed
his identity in June 2008 during the Investigation.    Notably,
plaintiff stated that Mack "retaliated against" him "immediately
after Cpt. Porter informed [Mack] about [his] complaint."  Franz
Decl. Ex. 106, at 2; id. at Ex. 107, at 10; see also Ryan Decl. ¶¶
4, 6.  Yet Porter informed Mack about plaintiff's complaint in June
2008.  See First Linder Decl. Ex. 4, at 2-3.  Moreover, plaintiff
relied on this retaliatory conduct when filing his tort claims
notice; he also assumed that this retaliatory conduct was premised
on Mack's knowledge of plaintiff's allegations.  See Ryan Decl. ¶¶
3-6 (plaintiff "assumed Mack was aware that I had made a complaint
against him based on how he interacted with me after I made the
complaint.  Because of this assumption, I included ORS 659A.218 in
my tort claims notice and BOLI complaint"); see also Franz Decl.
Ex. 106, at 2; id. at Ex. 107, at 10.

    Mack's behavior, and plaintiff's reliance upon that behavior
when filing his tort claims notice, is sufficient to show that
plaintiff knew of facts that would make a reasonable person aware
of the substantial possibility his name had been disclosed in
violation of Or. Rev. Stat. § 659A.218.  In other words, as of June
2008, plaintiff was reasonably on notice that Porter's
Investigation resulted in a disclosure of his identity, which

caused Mack's allegedly retaliatory conduct.  Therefore, plaintiff discovered that defendants caused his injury under Or. Rev. Stat. § 659A.218 in June 2008.   Because plaintiff discovered that defendants caused his injury before August 13, 2008, plaintiff's Or. Rev. Stat. § 659A.218 claim is time-barred.  Defendants' cross-motion for partial summary judgment is granted.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for partial summary judgment (doc. 44) is DENIED.  Defendants' cross-motion for partial summary judgment (doc. 53) is GRANTED.   Accordingly, plaintiff's claim under Or. Rev. Stat. § 659A.218 is DISMISSED. Additionally, plaintiff's motion to strike (doc. 63) is DENIED. Finally, the parties requests for oral argument are DENIED as unnecessary.

IT IS SO ORDERED

Dated this _____ of ~~July~~ 2013.


_____
Ann Aiken
United States District Judge